

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00250-CR
No. 02-24-00251-CR

_____

NATHAN ANDREW SANSOM, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 415th District Court
Parker County, Texas
Trial Court No. CR21-1111, CR21-1112

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

# MEMORANDUM OPINION

Appellant Nathan Andrew Samson was charged in two separate indictments—CR21-1111 and CR21-1112—with the offense of indecency with a child by contact. *See* Tex. Penal Code Ann. § 21.11. Each indictment contained two counts, and Appellant entered a plea of not guilty to all four counts.

The jury found Appellant guilty of count one in CR21-1111,[1] and he was sentenced to ten years in prison. Appellant was also found guilty of count one in CR21-1112,[2] for which he received a sentence of eight years in prison. The trial judge ordered the sentences to run concurrently.

Sansom's court-appointed appellate counsel has filed a motion to withdraw as counsel and a supporting brief in which she avers that, in her professional opinion, this appeal is frivolous. Counsel's brief professionally evaluates the appellate record and demonstrates why no arguable grounds for relief exist, and both the brief and the withdrawal motion meet the requirements of *Anders v. California.* 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991).

In compliance with *Kelly v. State*, counsel provided Sansom with copies of the brief and motion to withdraw and informed him of his right to file a pro se response,

---

[1]The jury found Sansom not guilty of count two in CR21-1111.

[2]In response to Sansom's motion for directed verdict, the State abandoned count two of CR21-1112.

to review the record, and to seek discretionary review pro se should this court deny relief.[3]  *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).  This court similarly advised Sansom by letter of his right to review the record and file a response if he so desired. Sansom did not seek access to the appellate record and did not file a pro se response. The State filed a brief in response in which it agreed with Counsel that there are no meritorious grounds on which to advance an appeal.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and fulfills *Anders*'s requirements, we must independently examine the record for any arguable ground that may be raised on the appellant's behalf.  *See Stafford*, 813 S.W.2d at 511.  Only then may we grant the motion to withdraw.  *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed Counsel's brief and the appellate record, and we agree with Counsel that nothing in the appellate record might arguably support an appeal.  Any appeal would be wholly frivolous and without merit.  *See Bledsoe v. State*,

---

[3]Although Counsel technically complied with *Kelly*, the cover letter that Counsel sent to Sansom misstated the substance of the *Anders* brief.  In the letter, Counsel informed Sansom that the brief "basically" stated that Counsel "believe[d], after looking at the record, that there was sufficient evidence to revoke [Sansom's] probation and that no substantial mistakes were made during [Sansom's] hearing."

This appeal does not involve a probation revocation hearing, nor does Counsel make any argument about such a hearing in her brief.  Counsel's *Anders* brief clearly and correctly addresses Sansom's trial on the merits.  Although Counsel misstated the contents of the brief, because she provided a copy of the *Anders* brief with her letter to Sansom, Sansom was able to read and discern the substance of the brief for himself.

178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

Thus, we grant counsel's motion to withdraw and affirm the trial court's judgments.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 24, 2025